# EXHIBIT B

Filed for Record
12/4/2023 3:33 PM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
126040-CV
Cathy Richard, Deputy

126040-CV

CAUSE NO. _____

| | | |
|---|---|---|
| KAREN JANE ALLEN AND GERALD GLENN ALLEN, | § § § | IN THE JUDICIAL COURT OF |
| *PLAINTIFFS,* | § § | |
| V. | § § § | BRAZORIA COUNTY, TEXAS |
| STATE FARM LLOYDS, | § § § | |
| *DEFENDANT.* | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Karen Jane Allen and Gerald Glenn Allen, ("Plaintiffs"), and file **Plaintiffs' Original Petition,** complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.  Plaintiffs, Karen Jane Allen and Gerald Glenn Allen, reside in Brazoria County, Texas.

3.  Defendant, State Farm Lloyds, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon State Farm, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever they may be found**. Plaintiffs request service at this time.

POOR ORIGINAL

## JURISDICTION

4.      The Court has jurisdiction over State Farm because this Defendant engages in the business

of insurance in the State of Texas, and the causes of action arise out of State Farm's

business activities in the state, including those in Brazoria County, Texas, with reference

to this specific case.

## VENUE

5.      Venue is proper in Brazoria County, Texas because the insured property is located in

Brazoria County, Texas, and all or a substantial part of the events giving rise to this lawsuit

occurred in Brazoria County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.      Plaintiffs assert claims for breach of contract, common law bad faith, fraud, violations of

sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiffs owned an State Farm insurance policy, number 53-EH-F045-3 ("the Policy").  At

all relevant times, Plaintiffs owned the insured premises located at 4603 Lakefront Terrace

Drive, Pearland, Texas 77584 ("the Property").

8.      State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs.  State

Farm Lloyds represented to Plaintiffs that the Policy included wind and hailstorm coverage

for damage to Plaintiffs' property.  Coverage for all perils began December 19, 2022 and

ended December 19, 2023 ("Policy Period"). State Farm has refused the full extent of that

coverage currently owed to Plaintiffs.

9.      The Property sustained extensive damage resulting from a severe storm that passed through

the Brazoria County, Texas area during the Policy Period.

---

10.     In the aftermath of the storm, Plaintiffs submitted a Claim to State Farm Lloyds against the Policy for damage to the Property.  State Farm assigned claim number 53-52M4-27P to Plaintiffs' claim (the "Claim"). The claim was assigned a date of loss of March 28, 2023.

11.     Plaintiffs asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12.     State Farm Lloyds hired or assigned its agent, Heath Daniel ("Daniel"), to inspect and adjust the claim. Daniel conducted an inspection on or about July 17, 2023.  Daniel did not investigate the weather at or near Plaintiffs' property.  Daniel pulled no storm reports, no wind reports and no hail reports. Daniel failed to provide any findings, conclusions, or determinations related to weather to Plaintiffs.

13.     After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Daniel represented to Plaintiffs there was no storm-related damage to the Property. Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

14.     State Farm and Daniel have ultimately refused full coverage which includes, but is not limited to, damage to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. Specifically, the third-party inspector hired to review the damage to the Property found additional damage that was completely absent from Daniel's estimate. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the kitchen, breakfast area/room, living room, dining room, vestibule, foyer/entry, and bedroom.

15.     The damage to Plaintiffs' Property is currently estimated at $116,910.01.

Plaintiffs' Original Petition                                                                                          3

16.    Daniel had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Daniel.

17.    Furthermore, Daniel was aware of Plaintiffs' $3,446.00 deductible prior to inspecting the Property. Daniel had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

18.    Daniel misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Daniel made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

19.    After reviewing Plaintiffs' Policy, Daniel misrepresented that the damage was caused by non-covered perils. Daniel used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

20.    As stated above, State Farm and Daniel improperly and unreasonably adjusted Plaintiffs' Claim.  Without limitation, State Farm and misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

21.    State Farm and Daniel made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  State Farm and Daniel made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair

estimates prepared by Daniel.

22.   Plaintiffs relied on State Farm and Daniel's misrepresentations, including but not limited
to those regarding coverage, the cause of, scope of, and cost to repair the damage to
Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these
misrepresentations.

23.   Upon receipt of the inspection and estimate reports from Daniel, State Farm failed to assess
the Claim thoroughly. Based upon Daniel's grossly unreasonable, intentional, and reckless
failure to investigate the Claim properly prior to underpaying coverage, State Farm failed
to provide coverage due under the Policy, and Plaintiffs suffered damages.

24.   Because State Farm and Daniel failed to provide coverage for Plaintiffs' insurance Claim,
Plaintiffs have been unable to complete any substantive repairs to the Property. This has
caused additional damage to Plaintiffs' Property.

25.   Furthermore, State Farm and Daniel failed to perform their contractual duties to Plaintiffs
under the terms of the Policy. Specifically, Daniel performed an unreasonable and
substandard inspection that allowed State Farm to refuse to pay full proceeds due under the
Policy, although due demand was made for an amount sufficient to cover the damaged
Property, and all conditions precedent to recover upon the Policy were carried out by
Plaintiffs.

26.   State Farm and Daniel's misrepresentations, unreasonable delays, and continued denials
constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas
Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a
breach of the insurance contract between Defendant and Plaintiffs.

27.    State Farm and Daniel's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and Daniel have failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, State Farm and Daniel have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

28.    State Farm and Daniel's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). State Farm and Daniel failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

29.    Additionally, after State Farm received statutory demand on or about September 18, 2023, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

30.    State Farm and Daniel's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Daniel performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiffs under the Policy.

31.    Specifically, State Farm and Daniel performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

32.    State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment

of Claim.  TEX. INS. CODE §542.055.  Due to Daniel's subpar inspection, State Farm failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

33.     State Farm and Daniel's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Daniel's intentional undervaluation of Plaintiffs' Claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim.  Specifically, Daniel's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

34.     State Farm and Daniel's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT**
**State Farm Lloyds**

35.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

36.     State Farm is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiffs.

37.     State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

38.     All allegations above are incorporated herein.

39.     State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40.     State Farm's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41.     State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42.     State Farm's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

43.    State Farm's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

44.    State Farm's unfair settlement practice of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.    All allegations above are incorporated herein.

46.    State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

47.    State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

48.    State Farm's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.    All allegations above are incorporated herein.

50.    State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

---

Plaintiffs' Original Petition

51.    State Farm's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, even though, at that time, State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

52.    All allegations above are incorporated herein.

53.    State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by State Farm pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

    A.    By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    B.    State Farm represented to Plaintiffs that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

---

C.   State Farm also represented to Plaintiffs that the Policy and State Farm's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   State Farm's actions are unconscionable in that State Farm took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.   State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

54.   Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiffs' damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

55.   All allegations above are incorporated herein.

56.   State Farm is liable to Plaintiffs for common-law fraud.

---

57.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and State Farm knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

58.    State Farm made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

59.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

60.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

61.    Since the Claim was made, State Farm has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the laws set forth above.

62.    Plaintiffs currently estimate that actual damages to the Property under the Policy are $116,910.01.

63.    Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

64.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

65.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

66.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

69.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

70.     For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71.     For the prosecution and collection of this Claims, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states

that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiffs plead out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## REQUIRED DISCLOSURES

73.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

74.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Brazoria County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, State Farm Lloyds, be cited and served to appear and that upon trial hereof, Karen Jane Allen and Gerald Glenn Allen, recover from Defendant, State Farm Lloyds such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for

pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in

equity, to which Plaintiffs may show they are so justly entitled.

Respectfully submitted,

By: /s/ *David R. Sanders*

Chad T. Wilson
Bar No. 24079587
David R. Sanders
Bar No. 24093102
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
dsanders@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jackie Martinez on behalf of David Sanders
Bar No. 24093102
jmartinez@cwilsonlaw.com
Envelope ID: 82217238
Filing Code Description: Original Petition (1-10 Plaintiffs) (OCA)
Filing Description: Plaintiffs' Original Petition
Status as of 12/5/2023 9:20 AM CST

Associated Case Party: KarenJane Allen

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad Wilson | | eservice@cwilsonlaw.com | 12/4/2023 4:23:16 PM | SENT |
| David R.Sanders | | dsanders@cwilsonlaw.com | 12/4/2023 4:23:16 PM | SENT |
| Jackie Martinez | | jmartinez@cwilsonlaw.com | 12/4/2023 4:23:16 PM | SENT |

Case 4:24-cv-00352   Document 1-3   Filed on 01/30/24 in TXSD   Page 19 of 37

LEGAL DOCUMENT MANAGEMENT
5151 BELT LINE RD. SUITE 826
DALLAS, TEXAS 75254

9589 0710 5270 0492 8941 39

0346 0081933542

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

Service I.D. No. 272859

**CAUSE NO.  126040-CV**
**239th District Court**

THE STATE OF TEXAS                                                                                CITATION

TO:   **State Farm Lloyds**                                                                     Defendant
      **By serving its Registered Agent**
      **Corporation Service Company**
      **211 E 7th Street, Suite 620**
      **Austin, TX 78701-3218**

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiffs' Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **239th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **4th day of December, 2023.**  It bears Cause No. **126040-CV** and Styled:

**Karen Jane Allen and Gerald Glenn Allen**
**vs.**
**State Farm Lloyds**

The name and address of the Attorney filing this action (or Party, if Pro Se) is **David R. Sanders**, **Chad T Wilson Law Firm PLLC, 455 East Medical Center Blvd, Suite 555, Webster, Texas 77598.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition to be attached by Plaintiff's attorney.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **21st day of December, 2023.**

**CASSANDRA TIGNER, DISTRICT CLERK**
**Brazoria County, Texas**

Digitally signed by Angela Gray
Date: 2023.12.21 15:03:45 -06'00'

By _____ , Deputy
        Angela Gray



**Service Copy**

Citation by Registered Agent

Service I.D. No. 272859

RETURN OF SERVICE

CAUSE NO. 126040-CV    239th District Court

KAREN JANE ALLEN AND GERALD GLENN ALLEN
VS.
STATE FARM LLOYDS

State Farm Lloyds
By serving its Registered Agent
Corporation Service Company
211 E 7th Street, Suite 620
Austin, TX 78701-3218

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiffs' Original Petition at the following times and places, to-wit:

NAME          DATE     TIME    PLACE, COURSE, AND DISTANCE FROM COURTHOUSE    MILEAGE

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____                            _____, Officer
Mileage: _____ miles @ $_____ per mile    $_____        _____ County, Texas
Total                              $_____        _____
                                                            Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is_____
                    (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)

Citation by Registered Agent

Filed for Record
1/25/2024 11:13 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
126040-CV
Angela Gray, Deputy

## CAUSE NO. 126040-CV

| | | |
|---|---|---|
| **KAREN ALLEN AND** | § | **IN THE DISTRICT COURT** |
| **GERALD ALLEN** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **BRAZORIA COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS and** | § | |
| *Defendant.* | § | **239TH  DISTRICT COURT** |

---

## DEFENDANT STATE FARM LLOYDS'
## ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

---

Defendant State Farm Lloyds timely files this Original Answer and Special Exceptions in response to Plaintiffs' Original Petition.

### GENERAL DENIAL

1.     Pursuant to TEX. R. CIV. P. 92, Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and all amendments thereto, and demands strict proof thereof by a preponderance of the evidence.

### DEFENSES

2.     **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs must prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof of damages from accidental direct physical loss.

3.     **Deductible/Offset.**  Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' $10,338.00 deductible.

4.     **Limit of Liability.** Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

5.     **No Accidental Direct Physical Loss.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, include conditions that do not constitute accidental direct physical loss. The policy at issue provides that where there is no damage as a result of accidental direct physical loss to the property there is no coverage under the policy:

**SECTION I – LOSSES INSURED**

**COVERAGE A – DWELLING AND COVERAGE B – PERSONAL PROPERTY**

*We* will pay for accidental direct physical loss to the property described in Coverage A and Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint. However, loss does not include and *we* will not pay for, any *diminution in value.*

6.     **No Storm-Created Openings.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were not proximately caused by water entering the interior of the insured property through a storm-created opening. The policy at issue specifically provides:

**SECTION I – LOSSES INSURED**

**COVERAGE A – DWELLING AND COVERAGE B – PERSONAL PROPERTY**

*We* will pay for accidental direct physical loss to the property described in Coverage A and Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint. However, loss does not include and *we* will not pay for, any *diminution in value.*

\* \* \* \* \*

2.     **Windstorm or hail.** This peril does not include loss to the interior of a structure or the property contained in a structure caused by rain, snow, sleet, sand, or dust. This limitation does not apply when the direct force of wind or hail damages the structure causing an opening in a roof or wall and the rain, snow, sleet, sand, or dust enters through this opening.

7.  **Deterioration, Maintenance Issues, and Mold or Fungus.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused in whole or in part by deterioration, maintenance issues, mold or fungus, and other non-covered losses. The policy at issue specifically provides that such losses are not covered:

**SECTION I – LOSSES NOT INSURED**

1.  ***We*** will not pay for, under any part of the policy, any loss that would not have occurred in the absence of one or more of the following excluded events. ***We*** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

    a.  **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure.

    *   *   *   *   *

    d.  **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

    *   *   *   *   *

    g.  ***Fungus***, including:

        (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement; by ***fungus***;

        (2) any remediation of ***fungus***, including the cost to:

            (a) remove the ***fungus*** from covered property or to repair, restore, or replace that property; or

            (b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

        (3) the cost of testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property;

        However, the presence of ***fungus*** on covered property does not negate coverage for that part of the covered property otherwise damaged by a ***loss insured***.

2.  ***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, ***we*** will not pay for any loss described in paragraph 1. Immediately above regardless of whether one or more of the following: (a) directly

or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a.   conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, neglect, or without fault;

b.   defect, weakness, inadequacy, fault, or unsoundness in:

(1)  planning, zoning, development, surveying, or siting;

(2)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3)  materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4)  maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

c.   weather conditions.

A substantial part of Plaintiffs' claimed damages consist of or resulted from mold or fungus growth in the dwelling, including the costs to conduct mold testing and remediation. These conditions are not insured under the policy at issue. Further, a substantial part of Plaintiffs' claimed damages occurred over time as a result of deterioration and maintenance issues, which conditions are specifically excluded under the policy at issue.

8.    **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiffs are entitled to replacement cost benefits only for the repair or replacement of the damaged part of the property with similar construction. The Policy specifically provides:

**SECTION I – LOSS SETTLEMENT**

**We** will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and **we** will not pay, any amount for **diminution in value**.

**COVERAGE A – DWELLING**

**Replacement Cost Loss Settlement – Common Construction.**

1.  **We** will pay the cost to repair or replace with common construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING,** except for wood fences, or damage to roof surfaces caused by windstorm or hail, subject to the following:

    a.  **we** will pay for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. **We** will not pay the cost to repair or replace obsolete, antique, or custom construction with like kind and quality;

    b.  until actual repair or replacement is completed, **we** will pay only the **actual cash value** of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property as described in 1.a. above;

    c.  when the repair or replacement is actually completed as described in 1.a. above, **we** will pay the covered additional amount **you** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

    d.  to receive any additional payments on a replacement cost basis, **you** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to **us** after the work has been completed; and

    e.  **we** will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a **building structure** or other structure.

2.  Wood Fences: **We** will pay the **actual cash value** for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for **COVERAGE A – Other Structures.**

3.  Damage to Roof Surfaces caused by Windstorm or Hail: **We** will pay the **actual cash value** for loss or damage to roof surfaces caused by windstorm or hail, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged roof.

**HOMEOWNERS BASIC AMENDATORY ENDORSEMENT – ROOF SURFACES**

This endorsement modifies insurance provided under the following: HOMEOWNERS BASIC POLICY.

**SECTION I – LOSS SETTLEMENT**

**COVERAGE A – DWELLING**

**Replacement Cost Loss Settlement – Common Construction.**

Item 3. is replaced with the following:

3.  Roof Surfaces: **We** will pay the cost to repair or replace with common construction and for the same use on the premises shown in the **Declarations**, the damaged parts of roof surfaces caused by windstorm or hail, subject to the following:

a. *we* will not pay an amount exceeding the smallest of the following:

(1) the applicable percentage of:

(a) the replacement cost of roof surfaces damaged by windstorm or hail; or

(b) the cost to repair the parts of roof surfaces damaged by windstorm or hail;

as indicated in the Roof Surfaces Payment Schedule found in this endorsement; or

(2) the applicable limit of liability shown in the *Declarations* for **COVERAGE A – Dwelling or COVERAGE A- Other Structures,** regardless of the number of *building structures* or other structures involved in the loss;

b. *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a *building structures* or other structure;

c. if the loss is to roof surfaces of the *dwelling,* the applicable percentage in the Roof Surfaces Payment Schedule will be based on the *dwelling* roof material and date of roof installation as previously provided by *you* and shown in the *Declarations.*

*You* agree to promptly notify *us* each time the *dwelling* roof is replaced so that *we* may adjust the information shown in the *Declarations.* If *you* fail to notify *us,* the applicable percentage in the Roof Surfaces Payment Schedule will be based on the *dwelling* roof material and date of roof installation as previously provided by *you* and shown in the *Declarations;*

d. if the loss is to roof surfaces of other structures located on the *residence premises* and covered under **COVERAGE A - DWELLING, Other Structures,** the applicable percentage in the Roof Surfaces Payment Schedule will be based on the other structure roof material and age of roof at the time of loss.

The provisions of this endorsement do not apply to other structures located away from the *residence premises;*

e. roof surfaces means, collectively, the following components:

(1) exterior shingles and panels;

(2) underlayment;

(3) felt, membrane, including self-adhered water and ice-dam protection membrane, tar, and tar paper;

(4) roof vents;

(5) flashing and drip edges;

(6) turbines;

(7) skylight components; and

(8) any other roofing component comprising part of the overall roof surface; and

f.  the applicable percentage in the Roof Surfaces Payment Schedule applies to:

(1) the repair or replacement; and

(2) installation, including the applicable overhead, profit, labor, taxes and fees associated with repair or replacement; of all roof surface components described above in item 3.(e); and

(3) any coverage for roof surfaces damaged by windstorm or hail as provided under **SECTION I -ADDITIONAL COVERAGES, Debris Removal.**

All other policy provisions apply.

9.     **Failure to Comply with Policy Conditions.** Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to comply with the following Policy conditions:

**SECTION I – CONDITIONS**
* * * * *

2.     **Your Duties After Loss.** After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claim and also see that the following duties are performed:

a.     give prompt notice to **us** or **our** agent . . .

b.     protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

Plaintiffs failed to give prompt notice of the loss to State Farm and further failed to protect the property from further damage or loss. Accordingly, Plaintiffs have failed to comply with the conditions precedent to recovery under the Policy. To the extent Plaintiff seeks damages for any property condition unrelated to the loss or that could have been avoided by protecting the property or making reasonable repairs, this failure to comply with policy conditions has prejudiced State Farm.

10.   **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

11.   **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code § 41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

### SPECIAL EXCEPTIONS

12.   **Failure to Set Forth Specific Claims/Facts—Breach of Contract.** Defendant specially excepts to Plaintiffs' Original Petition because the vague and indefinite breach of contract claim fails to (1) provide fair notice of facts of the loss or losses allegedly sustained by Plaintiffs; (2) provide fair notice of facts showing Plaintiffs' alleged loss or losses were covered under the terms of the insurance policy at issue; and (3) provide fair notice of the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiffs. *Subia v. Texas Dept. of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App.—El Paso 1988, no writ) (trial court can order the Plaintiffs to specifically plead a cause of action which was originally pleaded in general terms). As such, Plaintiffs should be required to amend their claim for breach of contract and state with particularity: (1) facts supporting the alleged loss, including the alleged

date the loss occurred; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question: (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiffs for State Farm's alleged breach of contract.

13.     **Failure to Set Forth Specific Claims/Facts—Chapter 541 of the Texas Insurance Code.** Defendant specially excepts to Plaintiffs' Original Petition because Plaintiffs' vague and indefinite claims regarding Defendant's alleged violations of Chapter 541 of the Texas Insurance Code are deficient. Moreover, Plaintiffs failed to give Defendant fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendants fair notice of facts and circumstances). Plaintiffs should be required to file an amended pleading which sets forth facts to support their claims for Defendant's alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

14.     **Failure to Set Forth Specific Claims/Facts—Chapter 542 of the Texas Insurance Code.** Defendant specially excepts to Plaintiffs' Original Petition because Plaintiffs' vague and indefinite claims regarding State Farm's alleged violations of Section 542 of the Texas Insurance Code are deficient. *See Id.* (allegations solely tracking statutory grounds did not give defendants fair notice of facts and circumstances). Plaintiffs failed to give fair notice of the facts and circumstances supporting the violations they have asserted in their Original Petition. As a result, Plaintiffs should be required to file an amended pleading which sets forth facts in support of Plaintiffs' claim for alleged

violations of Section 542 of the Texas Insurance Code, as well as damages related thereto.

15.     **Failure to Set Forth Specific Claims/Facts—Breach of Duty of Good Faith and Fair Dealing.** Defendant specially excepts to Plaintiffs' Original Petition because Plaintiffs' vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to give State Farm fair notice of the bad faith claims, if any, against it. Plaintiffs have failed to give fair and adequate notice of facts and evidence upon which they base such claims. Plaintiffs should be required to file an amended pleading which sets forth facts to support their claims of bad faith.

16.     **Failure to Set Forth Specific Claims/Facts—Texas Deceptive Trade Practices Act.** Defendant specially excepts to Plaintiffs' Original Petition because Plaintiffs' vague and indefinite claims regarding Defendants' alleged violations of the Texas Deceptive Trade Practices Act are deficient. Moreover, Plaintiffs failed to give Defendant fair notice of the facts and circumstances supporting the alleged DTPA violations. Plaintiffs should file an amended pleading setting forth facts to support their claims for Defendant's alleged violations of the DTPA, as well as damages related thereto.

17.     **Failure to Set Forth Specific Claims/Facts—Fraud.** Defendant specially excepts to Plaintiffs' Original Petition because Plaintiffs failed to provide facts to support their allegation that Defendant committed fraud. Moreover, Plaintiffs allegation does not contain any factual basis for the generic allegations made. That is, Plaintiffs do not identify how, if at all, they relied upon any alleged misrepresentation. The allegations therefore lack sufficient specificity to inform Defendant as to the claims against them. Plaintiffs should file an amended pleading setting forth facts to support their claims that Defendant

committed fraud.

18.      **Failure to Set Forth Specific Claims/Facts—Plaintiffs' Claims for Knowing Conduct**. Defendant specially excepts to Plaintiffs' Original Petition because Plaintiffs failed to provide facts to support their allegations that Defendant acted wrongfully with knowledge to cause harm. Pleading sufficient facts is necessary to inform Defendant of what it is called upon to answer and to enable it to prepare its defenses. As a result, Plaintiffs should be required to file an amended pleading which sets forth facts in support of Plaintiffs' claim for knowing conduct, as well as alleged damage related thereto.

**JURY DEMAND**

19.      Defendant State Farm Lloyds respectfully demands a trial by jury.

**PRAYER**

Defendant State Farm Lloyds prays that Plaintiffs take nothing by this suit and that the Court grant such other and further relief, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   _/s/ Morgan Y. Bird_
          M. Micah Kessler
          State Bar No. 00796878
          Morgan Y. Bird
          State Bar No. 24109646
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: mbird@nck-law.com
**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on January 29, 2024

Chad Wilson
David Sanders
Chad T. Wilson Law Firm
455 E. Medical Center Boulevard, Suite 555
Webster, Texas 77598
**VIA E-FILE**

*/s/ Morgan Y. Bird*
Morgan Y. Bird

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tyffeni Nguyen on behalf of M Kessler
Bar No. 00796878
tnguyen@nck-law.com
Envelope ID: 83886915
Filing Code Description: Answer
Filing Description: Defendant's Original Answer and Special Exceptions
Status as of 1/30/2024 8:47 AM CST

Associated Case Party: KarenJane Allen

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | | eservice@cwilsonlaw.com | 1/29/2024 11:13:08 AM | SENT |
| Jackie Martinez | | jmartinez@cwilsonlaw.com | 1/29/2024 11:13:08 AM | SENT |
| David R.Sanders | | dsanders@cwilsonlaw.com | 1/29/2024 11:13:08 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Morgan Bird | | mbird@nck-law.com | 1/29/2024 11:13:08 AM | SENT |
| Tyffeni Nguyen | | tnguyen@nck-law.com | 1/29/2024 11:13:08 AM | SENT |
| Victoria McKenzie | | vmckenzie@nck-law.com | 1/29/2024 11:13:08 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Micah Kessler | | mkessler@nck-law.com | 1/29/2024 11:13:08 AM | SENT |

   TN ▾

# Details - case # 126040-cv - envelope # 83886915

## Envelope

Envelope ID
83886915

Submitted by
Tyffeni Nguyen

Submitted date
01/29/2024 11:13 AM

Username
tnguyen@nck-law.com

## Case Information

Court Location
Brazoria County - 239th District Court

Case Type
Debt/Contract - Consumer/DTPA

Case Category
Civil - Contract

Judge
Hill, Greg

## Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Defendant | State Farm Lloyds | |
| Plaintiff | Gerald Glenn Allen | David R. Sanders |
| Plaintiff | Karen Jane Allen | David R. Sanders |

## Filings

Filing Code
Answer/Response

Filing Type
eFile and Serve

Filing Description
Defendant's Original Answer and Special Exceptions

## Service Contacts

| Party Type | Party Name | Service Contacts |
|------------|------------|------------------|
| Defendant | State Farm Lloyds | 1 |
| Plaintiff | Gerald Glenn Allen | 0 |
| Plaintiff | Karen Jane Allen | 3 |
| Other Service Contacts | | 3 |

## Fees

Payment account
Micah Visa
Party responsible
State Farm Lloyds
Filing attorney
M Micah Kessler
Filer Type
Not Applicable
Order ID
083886915-0
Transaction Response
Transaction Amount
$11.00
Transaction ID
123612072

| Filing Fees | |
|-------------|------|
| Answer/Response | $0.00 |
| Jury Fee | $10.00 |

| Service Fees | |
|--------------|------|
| Convenience Fee | $1.00 |

TN